BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
CAMILLE S. BASS (297609)
701 B Street, Suite 1700
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
cbass@bholaw.com

THE MARKHAM LAW FIRM
DAVID R. MARKHAM (71814)
PEGGY J. REALI (153102)
750 B Street, Suite 1950
San Diego, CA 92101
Tel: 619/399-3995
619/615-2067 (fax)
dmarkham@markham-law.com
preali@markham-law.com

UNITED EMPLOYEES LAW GROUP, PC
WALTER L. HAINES (71075)
5500 Bolsa Avenue, Suite 201
Huntington Beach, CA 92649
Tel: 562/256-1047
562/256-1006 (fax)
walter@whaines.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| ADAM WEISS and PATTY MORELOS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE KRAFT HEINZ COMPANY, <br><br> Defendant. | Case No. 8:16-cv-00605 <br><br> CLASS ACTION <br><br> CLASS ACTION COMPLAINT <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs Adam Weiss and Patty Morelos ("Plaintiffs") bring this class action complaint against Defendant The Kraft Heinz Company ("Defendant" or "Kraft"), on behalf of themselves and all others similarly situated, and alleges as follows:

## NATURE OF THE ACTION

1. This is a consumer protection class action brought pursuant to Fed. R. Civ. P. 23 arising out of Defendant's misbranding and false advertising of its "100% Grated Parmesan Cheese" (the "Product"). Defendant's label and advertisements claim the Product's grated cheese is "100%" parmesan cheese. Defendant's claims, however, are false, misleading, and reasonably likely to deceive the public because the Product is not 100% cheese.

2. Defendant manufactures, markets, sells, and distributes the Product. Through an extensive, integrated, and widespread nationwide marketing campaign, Defendant promises that the Product is 100% parmesan cheese.

3. The same promise is made on each Product label and throughout the marketing materials. For example, the packaging prominently states that the Product is "100% Grated Parmesan Cheese."

4. Throughout its advertising and marketing, which began over 50 years ago, Defendant communicated the same substantive message on the Product's packaging and labeling: that the Product is 100% grated Parmesan cheese. But laboratory testing shows that the Product contains at least 3.8% cellulose, an inexpensive filler made from wood pulp.

5. Defendant's longstanding advertising and marketing campaign is designed to induce consumers to purchase the Product because of their reliance upon the accuracy of the deceptive message.

6. Defendant, however, has not sold the Product as advertised. As a result of the misleading messages conveyed on its Product labels and by its marketing campaign, Defendant has caused consumers to purchase products that

are not what they purport to be.

7. Plaintiffs bring this action on behalf of themselves and all other similarly situated consumers to halt Defendant's dissemination of this false and misleading advertising message, correct the false and misleading perception it has created in the minds of consumers, and to obtain redress for those who have purchased the Product.

## JURISDICTION AND VENUE

8. The Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members and some of the members of the class are citizens of states different from Defendant.

9. This Court has personal jurisdiction over Defendant because Defendant is authorized to and does conduct business in California. Defendant has marketed, promoted, distributed, and sold the Product in California.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) and (b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district. Venue is also proper under 18 U.S.C. §1965(a) because Defendant transacts substantial business in this district.

## PARTIES

11. Plaintiff Adam Weiss is a citizen of the State of California. At all times relevant to this action, he resided in Orange County, California. Since approximately 1979, Plaintiff Weiss has been exposed to Defendant's representations regarding the Product being "100% Grated Parmesan Cheese." On or around December 2015, Plaintiff Weiss was again exposed to Defendant's representations by reading the label of a 16-ounce container of Kraft "100% Grated Parmesan Cheese" at the Albertson's located at 7201 Yorktown Avenue, Huntington Beach, California 92648. In reliance on the representations on the

1  front of the label that the product contained 100% cheese, Plaintiff Weiss
2  purchased the Product for approximately $4.00 to $5.00. Plaintiff Weiss always
3  believed the Product to be just the same as if he bought a piece of Parmesan
4  cheese and grated it himself. When he heard that the Product contained cellulose,
5  he thought it was a farce and was concerned that it might hurt him and his
6  family. By purchasing the falsely advertised product, Plaintiff Weiss suffered
7  injury-in-fact and lost money.

8  12.  Plaintiff Patty Morelos is a citizen of the State of California. At all
9  times relevant to this action, she resided in Los Angeles County, California. For
10 at least five years, Plaintiff Morelos has been exposed to Defendant's
11 representations regarding the Product being "100% Grated Parmesan Cheese."
12 Approximately once every two to three months, Plaintiff Morelos has been
13 exposed to Defendant's representations by reading the label of a 16-ounce
14 container of Kraft "100% Grated Parmesan Cheese" at either the Ralph's located
15 at 13321 South Street, Cerritos, California 90703, the Ralph's located at 1930
16 North Lakewood Boulevard, Long Beach, California 90815, or the Stater Bros.
17 Market located at 12523 Alondra Boulevard, Norwalk, California 90650. In
18 reliance on the representations on the front of the label that the product contained
19 100% cheese, Plaintiff Morelos purchased the Product for approximately $5.00.
20 Before learning about the Product containing cellulose, Plaintiff Morelos went
21 out of her way to buy the Product because her interpretation of Defendant's
22 representations was that the Product was 100% pure cheese with no additives.
23 Now Plaintiff Morelos is not sure she trusts the brand because she is not sure
24 what she is getting. By purchasing the falsely advertised product, Plaintiff
25 Morelos suffered injury-in-fact and lost money.

26 ///
27 ///
28 ///

13. The Product does not contain 100% real cheese. Instead, it contains nearly 4% cellulose filler. Had Plaintiffs known the truth about Defendant's misrepresentations and omissions at the time of their purchases, Plaintiffs would not have purchased the Product.

14. Defendant The Kraft Heinz Company ("Kraft") is a corporation organized and existing under the laws of the state of Delaware. Kraft maintains co-headquarters in Pittsburgh, Pennsylvania and Chicago, Illinois. Kraft manufactures over 200 food brands, including the product at issue in this Complaint. Kraft manufactures, advertises, markets, distributes, and/or sells the Product to hundreds of thousands of consumers in California and throughout the United States. Kraft maintains multiple manufacturing facilities in California, including one in Fullerton, California. It also promotes, markets, distributes, and sells the Product to many thousands of consumers in California and in this District.

## FACTUAL ALLEGATIONS

### *The 100% Grated Parmesan Cheese Product*

15. Kraft introduced its grated Parmesan cheese product in 1945, and since at least 1965, Defendant has distributed, marketed, and sold the Product advertised as being 100% grated Parmesan cheese on a nationwide basis.

16. The Product is sold by a variety of third-party retailers, including Wal-Mart, Target, Amazon, Walgreen's, CVS, Sam's Club, and Costco.

17. The Product is available in (1) an 8-ounce container, which retails for approximately $4.00; (2) a 16-ounce container, which retails for approximately $7.00 to $9.00; and (3) a 24-ounce container, which retails for approximately $12.00 to $14.00.

18. According to Defendant, and as stated on the Product's packaging, the Product is 100% real grated Parmesan cheese.

///

19. But in or around February 2016, an independent laboratory conducted tests on various store-bought grated cheeses, and the results revealed that the Kraft Product was 3.8% cellulose.

### *Defendant's False and Deceptive Advertising for the Product*

20. Since the Product's launch, Defendant, through its advertisements including on the Product's packaging and labeling, has consistently conveyed the message to consumers throughout the United States that the Product is 100% parmesan cheese with no fillers.

21. The Product's packaging appears as follows:



22. Defendant's marketing representations repeat and reinforce the claims made on the packaging and labeling for the Product. For example, upon information and belief this image is of a print advertisement from 1965 which depicts the Product as "Grated 100% Parmesan Cheese":



23. Likewise, various television commercials throughout the years have touted the same message: the Product is 100% real Parmesan cheese with no fillers.

### *Testing Confirms the Product is not 100% Parmesan Cheese, and Defendant's Message is False and Deceptive*

24. Despite Defendant's representations, the Product is **not** 100% Grated Parmesan Cheese.

25. In or around February 2016, testing conducted by an independent laboratory found that the Product was comprised of 3.8% cellulose, a wood-pulp filler.

### CLASS DEFINITION AND ALLEGATIONS

26. Plaintiffs assert a class pursuant to Fed. R. Civ. Proc. 23(b)(2) and (3) defined as:

>All persons who purchased in the United States any Kraft 100% Parmesan cheese product (the "Class").

Excluded from the Class are Defendant, its parents, subsidiaries, affiliates, officers, and directors; those who purchased the Product for the purpose of resale; all persons who make a timely election to be excluded from the Class; the judge to whom this case is assigned and any immediate family members thereof; and those who assert claims for personal injury.

27. Certification of Plaintiffs' claims for class wide treatment is appropriate because Plaintiffs can prove the elements of their claims on a class wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

28. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. Defendant has sold many thousands of units of the Product to Class members.

29. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

(a) Whether the representations discussed herein that Defendant made about its Product were or are true, or are misleading, or likely to deceive;

(b) Whether Defendant's conduct violates public policy;

(c) Whether Defendant engaged in false or misleading advertising;

(d) Whether Defendant's conduct constitutes violations of the laws asserted herein;

(e) Whether Plaintiffs and the other Class members have been injured and the proper measure of their losses as a result of those injuries; and

(f) Whether Plaintiffs and the other Class members are entitled to injunctive, declaratory, or other equitable relief.

30. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiffs' claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

31. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the other Class members they seek to represent; they have retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiffs intend to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by Plaintiffs and their counsel.

32. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendant has acted or refused to act on grounds generally applicable to Plaintiffs and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to Class as a whole.

33. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiffs and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable

for Class members to individually seek redress for Defendant's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## CLAIMS ALLEGED

## COUNT I

### Violation of Business & Professions Code §§17200, *et seq.*

34. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

35. As alleged herein, Plaintiffs have suffered injury in fact and lost money or property as a result of Defendant's conduct because they each purchased at least one of Defendant's falsely advertised 100% Grated Parmesan Cheese products in reliance on the false advertisements.

36. The Unfair Competition Law, Business & Professions Code §§17200, *et seq.* ("UCL"), and similar laws in other states, prohibits any "unlawful," "fraudulent" or "unfair" business act or practice and any false or misleading advertising. In the course of conducting business, Defendant committed unlawful business practices by, among other things, making the representations (which also constitutes advertising within the meaning of §17200) and omissions of material facts, as set forth more fully herein, and violating 21 C.F.R. §§101.18, 331, and 343; California Civil Code §§1572, 1573, 1709, 1711, 1770(a)(5), (7), (9), and (16); California Health & Safety Code §110765; California Business & Professions Code §§17200, *et seq.*, and 17500, *et seq.*; and the common law.

37. Plaintiffs, individually and on behalf of the other Class members, reserve the right to allege other violations of law, which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

38. In the course of conducting business, Defendant committed "unlawful" business practices by, among other things, making the representations (which also constitute advertising within the meaning of §17200) and omissions of material facts regarding the Product in its advertising campaign, including the Product's packaging, as set forth more fully herein. These representations constitute a misbranding of the Product, as prohibited by Section 110765 the California Health & Safety Code, and the Food and Drug Administration's regulations, 21 C.F.R. §§101.18 and 343, because Defendant's advertising and labeling of the Product are false and misleading in that they state the Product is "100%" Parmesan cheese when, in fact, it contains 3.8% cellulose. Defendant has also violated the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §331, because Defendant has manufactured and introduced into interstate commerce a misbranded product. This conduct constitutes violations of the unlawful prong of Business & Professions Code §§17200, *et seq*.

39. In the course of conducting business, Defendant committed "unfair" business practices by, among other things, making the representations (which also constitute advertising within the meaning of §17200) and omissions of material facts regarding the Product in its advertising campaign, including the Product's packaging, as set forth more fully herein. There is no societal benefit from false advertising, only harm. Plaintiffs and the other Class members paid for a lower-value product that is not what it purports to be. While Plaintiffs and the other Class members were harmed, Defendant was unjustly enriched by its false misrepresentations and omissions. As a result, Defendant's conduct is "unfair," as it offended an established public policy. Further, Defendant engaged in immoral, unethical, oppressive, and unscrupulous activities that are

substantially injurious to consumers.

40. Further, as set forth in this Complaint, Plaintiffs allege violations of consumer protection, unfair competition, and truth in advertising laws in California and other states, resulting in harm to consumers. Defendant's acts and omissions also violate and offend the public policy against engaging in false and misleading advertising, unfair competition, and deceptive conduct towards consumers. This conduct constitutes violations of the unfair prong of Business & Professions Code §§17200, *et seq*.

41. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Business & Professions Code §§17200, *et seq*., also prohibits any "fraudulent business act or practice." In the course of conducting business, Defendant committed "fraudulent business act or practices" by, among other things, making the representations (which also constitute advertising within the meaning of §17200) and omissions of material facts regarding the Product in its advertising campaign, including on the Product's packaging and labeling, as set forth more fully herein. Defendant made the misrepresentations and omissions regarding the ingredients of its Product, among other ways, by misrepresenting on each and every Product's packaging and labeling that the Product contains "100% Grated Parmesan Cheese," when, in fact, the representations are false and deceptive, and the Product does not contain just one ingredient – Parmesan cheese – rather, it also contains a filler – cellulose.

42. Defendant's actions, claims, omissions, and misleading statements, as more fully set forth above, were also false, misleading, and/or likely to deceive the consuming public within the meaning of Business & Professions Code §§17200, *et seq*.

43. Plaintiffs and the other members of the Class have in fact been deceived as a result of their reliance on Defendant's material representations and

omissions, which are described above. This reliance has caused harm to Plaintiffs and the other members of the Class, each of whom purchased Defendant's 100% Parmesan Cheese Product. Plaintiffs and the other Class members have suffered injury in fact and lost money as a result of purchasing the Product and Defendant's unlawful, unfair, and fraudulent practices.

44. Defendant knew, or should have known, that its material representations and omissions would be likely to deceive the consuming public and result in consumers purchasing the Product and, indeed, intended to deceive consumers.

45. As a result of its deception, Defendant has been able to reap unjust revenue and profit.

46. Unless restrained and enjoined, Defendant will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

47. Plaintiffs, on behalf of themselves, all others similarly situated, and the general public, seek restitution from Defendant of all money obtained from Plaintiffs and the other members of the Class collected as a result of unfair competition, an injunction prohibiting Defendant from continuing such practices, corrective advertising, and all other relief this Court deems appropriate, consistent with Business & Professions Code §17203.

## COUNT II

## Violation of the Consumers Legal Remedies Act

## Civil Code §§1750, *et seq.*

48. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

49. This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §§1750, *et seq.* (the "Act"), and similar laws in other states. Plaintiffs are consumers as defined by California Civil Code §1761(d). The Product is a "good" within the meaning of the Act.

50. Defendant violated and continues to violate the Act by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiffs and the Class which were intended to result in, and did result in, the sale of the Product:

(5) Representing that [the Product has] . . . characteristics, ingredients, uses, benefits, or quantities which [it does] not have . . . .

\* \* \*

(7) Representing that [the Product is] of a particular standard, quality, or grade . . . if [it is] of another.

\* \* \*

(9) Advertising goods . . . with intent not to sell them as advertised.

\* \* \*

(16) Representing that [the Product] has been supplied in accordance with a previous representation when it has not.

51. Defendant violated the Act by representing and failing to disclose material facts on the Product's labeling and associated advertising, as described above, when it knew, or should have known, that the representations were false and misleading and that the omissions were of material facts it was obligated to disclose.

52. Pursuant to California Civil Code §1782(d), Plaintiffs, individually and on behalf of the other members of the Class, seek a Court order enjoining the above-described wrongful acts and practices of Defendant and for restitution and disgorgement.

53. Pursuant to §1782 of the Act, Plaintiffs notified Defendant in writing by certified mail of the particular violations of §1770 of the Act and demanded that Defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to

1   so act. A copy of the letter is attached hereto as Exhibit A.

2   54. If Defendant fails to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to §1782 of the Act, Plaintiffs will amend this complaint to add claims for actual, punitive, and statutory damages, as appropriate.

55. Pursuant to §1780(d) of the Act, attached hereto as Exhibit B is the affidavit showing that this action has been commenced in the proper forum.

## COUNT III

## Breach of Express Warranty

56. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

57. Plaintiffs bring this claim individually and on behalf of the Class.

58. Plaintiffs, and each member of the Class, formed a contract with Defendant at the time Plaintiffs and the other members of the Class purchased the Product. The terms of that contract include the promises and affirmations of fact made by Defendant on its Product's packaging and labeling, and through its marketing campaign, as described above. This product packaging and advertising constitutes express warranties, became part of the basis of the bargain, and is part of a standardized contract between Plaintiffs and the members of the Class on the one hand, and Defendant on the other.

59. All conditions precedent to Defendant's liability under this contract have been performed by Plaintiffs and the Class.

60. Defendant breached the terms of this contract, including the express warranties, with Plaintiffs and the Class by not providing a product that was 100% grated Parmesan cheese, as promised in the advertisements and on the labels.

61.   As a result of Defendant's breach of its contract, Plaintiffs and the Class have been damaged in the amount of the purchase price of the Product they purchased.

## JURY DEMAND

Plaintiffs demand a trial by jury of all claims in this Complaint so triable.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the other members of the Class proposed in this Complaint, respectfully request that the Court enter judgment in their favor and against Defendant, as follows:

A.   Declaring that this action is a proper class action, certifying the Class as requested herein, designating Plaintiffs as Class Representatives and appointing the undersigned counsel as Class Counsel;

B.   Ordering Defendant to pay actual damages to Plaintiffs and the other members of the Class;

C.   Ordering Defendant to pay punitive damages, as allowable by law, to Plaintiffs and the other members of the Class;

D.   Ordering Defendant to pay statutory damages, as allowable by the statutes asserted herein, to Plaintiffs and the other members of the Class;

E.   Awarding injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein, and ordering Defendant to engage in a corrective advertising campaign;

F.   Ordering Defendant to pay attorneys' fees and litigation costs to Plaintiffs and the other members of the Class;

G.   Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded; and

///

///

///

H.     Ordering such other and further relief as may be just and proper.

Dated: April 1, 2016

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
CAMILLE S. BASS (297609)

By:     *s/ Timothy G. Blood*
TIMOTHY G. BLOOD

701 B Street, Suite 1700
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
cbass@bholaw.com

THE MARKHAM LAW FIRM
DAVID MARKHAM
PEGGY REALI
750 B Street, Suite 1950
San Diego, CA 92101
Tel: 619/399-3995
619/615-2067 (fax)
dmarkham@markham-law.com
preali@markham-law.com

UNITED EMPLOYEES LAW GROUP, PC
WALTER L. HAINES (71075)
5500 Bolsa Avenue, Suite 201
Huntington Beach, CA 92649
Tel: 562/256-1047
562/256-1006 (fax)
walter@whaines.com

*Attorneys for Plaintiff*